```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


DAVID PAUL TAYLOR              :
                               :              PRISONER
     v.                        :    Case No. 3:03CV1347(HBF)
                               :
FRED LEVESQUE                  :
```

RULING ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff David Paul Taylor ("Taylor") is an inmate currently confined at Cheshire Correctional Institution in Cheshire, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Taylor alleges that defendant deprived him of his Fourteenth Amendment right to due process when he approved Taylor's classification as a high security inmate without affording him a hearing or opportunity to contest the classification. Defendant has filed a motion for judgment on the pleadings. In response, Taylor has filed a motion for leave to amend. For the reasons that follow, defendant's motion is granted and Taylor's motion is denied.

I.   Standard of Review

The Rule 12(c) standard for judgment on the pleadings is essentially the same as that applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). See also Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.), cert. denied, 513 U.S. 816 (1994). The court accepts as true all factual allegations in the complaint and

draws inferences from these allegations in the light most favorable to plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion [for judgment on the pleadings] is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  In its review of the motion for judgment on the pleadings, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  The Second Circuit

"ordinarily require[s] the district courts to give substantial leeway to pro se litigants."  Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II.  Facts

The court accepts as true the following facts alleged in the complaint.

In June 2000, while he was housed at Garner Correctional Institution in Newtown, Connecticut, Taylor was classified as a high security inmate.  The classification change was based on information that Taylor was planning to escape by using a false passport supplied by his twin brother who lived in England. Taylor suspects that this information was provided by his then cellmate Tom Carbone.  Correctional staff also told Taylor that they had recorded a telephone conversation between Taylor and his "girlfriend" during which Taylor was conspiring to escape. Taylor contends that the woman on the phone was his friend's wife and that the conversation did not relate to an escape.  Although his classification level was raised, Taylor was not charged with a disciplinary violation.

Taylor was not provided a hearing before his classification was changed.  His letter to the warden, complaining about the lack of a hearing, was answered by Major Lahda with a notation confirming his classification level.  As a result of the increased security level, Taylor has been unable to obtain a

prison job at Cheshire Correctional Institution. In addition, his family members, who live in England, have experienced difficulties visiting him.

III. Discussion

Defendant moves for judgment on the pleadings on two grounds: Taylor was not denied due process because he has no protected liberty interest in his classification and defendant is protected by qualified immunity. In addition to filing a memorandum and affidavit in opposition to the motion, Taylor moves to amend the complaint.

    A. Motion for Leave to Amend

Taylor does not indicate in his motion why he wants to amend the complaint.[1] A comparison of the original and proposed amended complaint reveals that Taylor has named defendant Levesque in his individual and official capacities and added several allegations concerning inmate Carbone and the effects of the heightened security classification. He does not alter his basic claim, that he was classified as a high security inmate without being afforded due process. Defendant moves for judgment on the pleadings on the ground that Taylor has no protected liberty interest in his classification. The proposed changes to

---

[1] Taylor attaches a proposed amended complaint to his motion. He has not, however, mailed a copy of the proposed amended complaint to defendant's attorney. Thus, Taylor has prevented defendant from properly responding to his motion.

4

the complaint do affect this argument. Because the court concludes below that defendant's motion should be granted, Taylor's motion to amend is denied as moot.

    B.   <u>Classification</u>

Taylor alleges that his classification as a high security inmate violates his right to due process. He contends that Department of Correction Administrative Directives 9.4 and 9.5 create protected liberty interests in his classification.

To state a claim for violation of procedural due process, the Supreme Court's decision in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), requires that Taylor show that he had a protected liberty interest and, if he had such an interest, that he was deprived of that interest without being afforded due process of law. <u>See</u> <u>Tellier v. Fields</u>, 230 F.3d 502, 511 (2d Cir. 2000) (inmate has a protected liberty interest "only if the deprivation ... is atypical and significant and the state has created the liberty interest by statute or regulation") (citations and internal quotation marks omitted).

Taylor contends that he was not permitted to challenge his status as a high security inmate. To prevail on this claim, he must demonstrate both that, as a result of the classification, he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life and that the state has created a protected liberty interest in inmate classification. Taylor

cannot rely merely upon the mandatory nature of language in state statutes or prison directives to demonstrate a violation of due process.  See Marsh v. Austin, 901 F. Supp. 757 (S.D.N.Y. 1995). An inmate's right to have relevant laws, regulations and directives obeyed is not a federal right protected by the civil rights statute or the Constitution.  See Smith v. O'Connor, 901 F. Supp. 644, 647-48 (S.D.N.Y. 1995) (citing cases).  As the Fifth Circuit Court of Appeals has plainly stated, after Sandin "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995), cert. denied, 516 U.S. 1059 (1996).

Taylor alleges no facts suggesting that his conditions of confinement differ from the conditions of other inmates.  He states only that he cannot get a prison job and his family has difficulty visiting him.  Although his current conditions of confinement differ from his previous experience, his "subjective expectations" are not "dispositive of the liberty interest analysis."  Sandin, 515 U.S. at 486 n.9.

Under Sandin, the court must compare the conditions described by the plaintiff with the conditions an inmate generally can expect from prison life to determine whether the conditions constitute an atypical and significant hardship.

Denial of a prison job is not an atypical and significant hardship.  Even if Taylor were able to show that he suffered an atypical and significant hardship, this is only the first part of the inquiry.  He also must show that he has a protected liberty interest in his classification.

The Supreme Court has held that federal prisoners have no protected interest in their classification that would invoke due process protections, because Congress has given federal prison officials full discretion to determine prisoner classifications. See Moody v. Daggett, 429 U.S. 78, 99 n.9 (1976).  Similarly, where state prison officials are given complete discretion in determining inmate classifications, state prisoners do not have any constitutionally or federally protected right to a particular classification.  See Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990) (no due process issue in class status of prisoner where prisoner failed to point out any state statute, regulation or policy statement that limited prison officials' discretion in classifying prisoner).

As previously found in this district, the improper classification of inmates in the custody of the Connecticut Department of Correction does not give rise to a civil rights action.  See Green v. Armstrong, No. 3:96cv1127(AVC)(TPS), slip op. at 10 (D. Conn. Feb. 25, 1998), aff'd, No. 98-3707 (Aug. 20, 1999) (summary order); see also Harris v. Meulemans, ___ F. Supp.

2d ___, 2005 WL 2338882 at *3-*4 (D. Conn. Sept. 23, 2005).  In Green, the district court noted that the state courts have found no state-created liberty interest in proper classification.  Id. at 10 (citing Santiago v. Commissioner of Correction, 39 Conn. App. 674, 680, 667 A.2d 304, 307 (1995), for the proposition that improper classification does not deprive inmates of any legally recognized liberty interest).  See Wheway v. Warden, 215 Conn. 418, 430-32 (1990) (holding that Commissioner of Correction retains discretion to classify prisoners to any security level and prison classification programs do not create any liberty interest or any constitutional entitlement to due process); Miller v. Warden, No. CV 000598372, 2000 WL 1258429, at *1 (Conn. Super. Ct. July 21, 2000) ("The Connecticut case of Wheway v. Warden, 215 Conn. 418, 430-31 (1990), established in Connecticut that an inmate has no liberty interest in a particular security classification.").

Thus, Connecticut inmates have no state or federally created liberty interest in their classification.  See Allen v. Armstrong, No. 3:98cv668(PCD), slip. op. at 2 (D. Conn. Sept. 15, 2000) (holding that the due process clause affords prisoners no protection from erroneous classifications); Nieves v. Coggeshall, No. 3:96cv1799 DJS, 2000 WL 340749, at *5 (D. Conn. Jan. 31, 2000) (holding that inmate has no protected liberty interest in his classification); United States v. Harmon, 999 F. Supp. 467,

469-70 (W.D.N.Y. 1998) (holding that federal inmate has no liberty interest in any particular classification).  See also Pugliese v. Nelson, 617 F.2d 916, 923-24 & nn.5, 6 (2d Cir. 1980) (no due process liberty interest in avoiding prisoner classification that delayed or precluded participation in institutional programs).

Because Taylor has no protected liberty interest in any particular classification, his due process claim necessarily fails.  Defendant's motion for judgment on the pleadings is granted.

IV.  Conclusion

Taylor's motion for leave to amend [**doc. #45**] is **DENIED**.  Defendant's motion for judgment on the pleadings [**doc. #38**] is **GRANTED**.  The Clerk is directed to enter judgment and close this case.

This is **not** a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #33] and, on February 17, 2005, the case was transferred to the undersigned for all purposed including the entry of judgment.

**SO ORDERED.**

Entered this 9th day of November, 2005, at Bridgeport, Connecticut.

```
               /s/
     HOLLY B. FITZSIMMONS
     UNITED STATES MAGISTRATE JUDGE
```

9